**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **FIRST BTS N. CARROLLTON, LLC**<br>**Plaintiff,**<br><br>**versus**<br><br>**ROSEBUD MID-CITY ONE, LLC,**<br>**Defendant.** | **CIVIL ACTION NO. 17-cv-2337**<br><br>**JUDGE**<br><br>**MAGISTRATE** |

## COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes plaintiff, First BTS N. Carrollton, LLC, which respectfully alleges and seeks relief as follows:

### PARTIES

1.

Plaintiff, First BTS N. Carrollton, LLC ("First BTS" or "Seller"), is a limited liability company organized and existing under the laws of the State of Louisiana. For purposes of diversity jurisdiction, First BTS is a citizen of Delaware and Connecticut. First BTS has one member, First Hartford Realty Corporation, which formed its corporate status in Delaware, and which has its principal place of business in Connecticut.

2.

Made defendant herein is Rosebud Mid-City One, LLC ("Rosebud" or "Buyer"), a limited liability company organized and existing under the laws of the State of Louisiana. For purposes of diversity jurisdiction, upon information and belief, Rosebud is a citizen of Florida.

## JURISDICTION AND VENUE

3.

This Court has jurisdiction pursuant to 28 U.S.C. § 1332, because Seller and Buyer are citizens of different states, and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

4.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), as a substantial amount of the events or omissions giving rise to this claim occurred in this judicial district.

## GENERAL ALLEGATIONS

5.

Seller and Buyer entered into Purchase and Sale Agreement (as amended, the "PSA"), dated November 3, 2016, in which Seller agreed to sell, and Buyer agreed to purchase, certain property (as defined in the PSA, the "Property").

6.

This action concerns Buyer's bad-faith breach of the PSA, Buyer's refusal to close the transaction and purchase the Property as contemplated by the PSA, and Buyer's reliance on purportedly unsatisfied closing conditions that were actually satisfied, immaterial, and/or waived, as a bad-faith pretext to renegotiate the purchase price and avoid Buyer's obligations under the PSA.

7.

The PSA provided that the closing of the transaction contemplated by the PSA (the "Closing") was to occur one week following Seller's written notice to Buyer ("Seller's Closing Date Notice") that Seller has delivered to Buyer documentation necessary to satisfy the

conditions contained in Paragraph 12.a.(v) (the "Closing Conditions") of the Third Amendment to Purchase and Sale Agreement (the "Third Amendment").

8.

On March 2, 2017, Seller delivered to Buyer documentation necessary to satisfy the Closing Conditions (the "March 2, 2017 Notice"). Seller's March 2, 2017 Notice requested that the Closing date be set and requested Buyer's cooperation in scheduling the Closing date. The March 2, 2017 Notice proposed that the Closing date occur March 13, 2017, or the week thereof.

9.

Buyer never responded directly to Seller's March 2, 2017 Notice. The PSA provided that Seller's Closing Date Notice shall be deemed acceptable to Buyer unless Buyer issued a written objection with two (2) business days after Buyer's receipt of Seller's Closing Date Notice.

10.

On March 8, 2017, Buyer sent Seller an email, in which Buyer sought to renegotiate the purchase price based upon purportedly unsatisfied Closing Conditions, which were, in fact, satisfied, immaterial, and/or waived.

11.

Buyer's contentions regarding purportedly unsatisfied Closing Conditions that were actually satisfied, immaterial, and/or waived was a bad-faith pretext to avoid Buyer's obligations under the PSA and to renegotiate the purchase price.

12.

On March 13, 2017, Seller provided written notice to Buyer that Seller had previously delivered to Buyer documentation necessary to satisfy the Closing Conditions (the "March 13, 2017 Notice"). Seller's March 13, 2017 Notice demanded that Buyer comply with the PSA by consummating the purchase of the Property.

13.

Seller's March 13, 2017 Notice set a Closing date for March 17, 2017, at 10:00 a.m.

14.

On March 15, 2017, Buyer sent a letter to Seller contending that Seller had not fulfilled all of the conditions precedent to the Closing, that Buyer had the right to terminate the PSA, and that Buyer was terminating the PSA. Buyer again referenced purportedly unsatisfied Closing Conditions that were actually satisfied, immaterial, and/or waived, in a bad-faith pretext to avoid Buyer's obligations under the PSA.

15.

On March 16, 2017, Seller advised Buyer that, despite Buyer's contentions, the Closing Conditions were satisfied, that Buyer did not have the right to terminate the PSA, and that Seller was prepared for and would proceed with the Closing on March 17, 2017.

16.

On March 16, 2017, given the disagreement between Seller and Buyer, Seller and Buyer mutually agreed, with a full reservation of rights, that it was not necessary for either party to appear at the Closing that was scheduled for March 17, 2017; that it was not necessary for Seller to provide Buyer with the final Closing documents that would have been presented at the Closing; that neither party would contend that it was necessary for either party to appear at the Closing to present documents and/or assert their respective positions and reserve their rights; and that each party reserved all of their rights, including the right of Seller to contend that Buyer breached the PSA by not consummating purchase of the Property, and the right of Buyer to contend that Buyer had the right to terminate the PSA.

17.

All conditions precedent to the Closing under the PSA were satisfied, or were waived by Buyer, prior to the Closing. Buyer was obligated to consummate the purchase of the Property. Buyer defaulted under the terms of the PSA.

**CAUSE OF ACTION –**
**BREACH OF PSA, CLAIM FOR DEPOSIT, ATTORNEYS' FEES, AND COSTS**

18.

All foregoing allegations of this Complaint are incorporated herein by reference.

19.

All conditions precedent to the Closing under the PSA were satisfied, or were waived by Buyer, prior to the Closing.

20.

Seller delivered to Buyer documentation necessary to satisfy the Closing Conditions prior to Closing, and Seller provided written notice to Buyer that Seller delivered such documentation.

21.

Seller is in compliance with, and is not in default under, the PSA.

22.

Buyer breached the PSA, and is in default under the terms of the PSA, for, *inter alia*, failure to consummate the purchase of the Property.

23.

Buyer posted a deposit totaling Six-Hundred Thousand and 00/100 Dollars ($600,000.00) ("Buyer's Deposit") with an escrow agent under the terms of the PSA.

24.

Seller is entitled to Buyerôs Deposit, together with any interest earned thereon, pursuant to Paragraph 18 of the PSA, for Buyerôs default under the terms of the PSA.

25.

Seller is entitled to attorneysô fees and costs pursuant to Paragraph 31 of the PSA.

**PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff, First BTS N. Carrollton, LLC, prays that after due proceedings had, that judgment on the Complaint be rendered in its favor, and against defendant, Rosebud Mid-City One, LLC, for all damages to which First BTS N. Carrollton, LLC may be entitled, plus legal interest, costs, attorneysô fees, and all other legal and equitable relief that is warranted under applicable law.

Respectfully submitted,

*/s/ Graham H. Ryan*

EDWARD D. WEGMANN (No. 13315)
GRAHAM H. RYAN (No. 34070)
ALLISON B. KINGSMILL (No. 36532)
Jones Walker LLP
201 St. Charles Avenue, 49th Floor
New Orleans, LA 70170-5100
Telephone: (504) 582-8266
Fax: (504) 589-8266
Email:
dwegmann@joneswalker.com
gryan@joneswalker.com

*Attorneys for First BTS N. Carrollton, LLC*